FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 9 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LANCIE JEAN; JEAN ELIEZER,

                Plaintiffs,

            -against-

MR. RULESS PIERRE,

                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-5584 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On September 30, 2019, *pro se* plaintiffs Lancie Jean and Jean Eliezer, who are wife and husband, brought this action against defendant Mr. Ruless Pierre, alleging investment fraud. Specifically, they say that they invested money in the defendant's fund, which subsequently failed; the defendant gave both plaintiffs checks to cover their investments, but the checks bounced. The plaintiffs' request to proceed *in forma pauperis* (ECF Nos. 2, 3) is granted solely for the purposes of this Order. For the reasons that follow, the plaintiffs' complaint is dismissed for lack of subject matter jurisdiction, with leave to replead the complaint as set forth below.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000).

Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead

1

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

Federal courts do not have jurisdiction over every kind of case. Federal jurisdiction exists only where the action presents a federal question, or where the parties are of diverse citizenship—meaning that they are citizens of different states—and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331-32. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To assert federal question jurisdiction—as the plaintiffs have alleged here—the pleadings must set forth "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

The plaintiffs bring this action under the Court's federal question jurisdiction, but their complaint does not raise any colorable claim with a basis in federal law. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 12 (2003) (the "well-pleaded-complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Even reading the *pro se* complaint liberally, there are no facts suggesting the existence of a federal claim. The plaintiffs allege that they each put money into

an investment company run by the defendant, Mr. Ruless Pierre. Compl. at 7.[1] When the defendant's company "went down," the defendant allegedly gave the plaintiffs two checks, which then bounced. *Id.* The defendant refused to repay the plaintiffs the money that he allegedly owed them. *Id.* Plaintiff Lancie Jean alleges that the defendant owes her $49,333.52 and plaintiff Jean Eliezer states that the defendant owes him $50,549.27. *Id.* at 8. The sole basis for federal question jurisdiction is "investment fraud." *Id.* at 4. The plaintiffs therefore fail to present a federal question under 28 U.S.C. § 1331. The plaintiffs do not invoke diversity jurisdiction and there is no allegation that the parties are of diverse citizenship.[2] Thus, even under the most liberal construction, while the plaintiffs may very well have a state cause of action, they have not presented a valid basis for federal jurisdiction over their claims.

## CONCLUSION

For the reasons explained above, the complaint, filed *in forma pauperis*, is dismissed without prejudice. The Court grants the plaintiffs leave to file an amended complaint within thirty days of this Order. All proceedings are stayed for thirty days or until further order of the Court. If the plaintiffs do not file an amended complaint within the time allowed or show good cause why they cannot comply, the Clerk of Court is respectfully directed to enter judgment and close this case. If the plaintiffs decide to file an amended complaint, the amended complaint must allege claims arising under federal law, or, if under state law, the amended complaint must include allegations that the parties are citizens of different states, and that the amount in controversy exceeds $75,000. The Court encourages the plaintiffs to make an appointment with

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.
[2] According to the plaintiffs' complaint, all of the parties reside in New York. *See* Compl. at 2-3.

the Federal Pro Se Legal Assistance Project, which provides limited representation to *pro se* litigants in this district.³

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                                                   s/Ann M. Donnelly
                                                                                                        ANN M. DONNELLY
                                                                                  United States District Judge

Dated: October 8, 2019
       Brooklyn, New York

---

³     The Clerk of the Court will mail a copy of the Pro Se Legal Assistance Project flyer attached to this Order to the plaintiffs.

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project (the "Project") is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Project provides free information, advice, and limited-scope legal assistance to non-incarcerated, *pro se* litigants in the Eastern District of New York. The Project staff work for the City Bar Justice Center, not for the United States District Court.

### Services We Can Provide:
- Explain federal court procedures and rules involved in your case.
- Provide brief legal counseling.
- Advise you about potential federal claims prior to filing suit.
- Review draft pleadings and correspondence with the court.
- Give referrals to legal, governmental and social services.

### What does "Limited-Scope" Mean?
"Limited-scope" legal assistance means that even though the Project attorney may provide you information, advice, and some legal assistance, she **will not** be the lawyer representing you on your case. You will still act as your own lawyer unless you retain a lawyer on your own.

### Appointments and Hours
The Project attorney meets with pro se litigants by appointment. Our office is located on the ground floor of the Brooklyn courthouse for the Eastern District of New York in Room N-108.

Appointments are available Monday through Thursday.

To schedule an appointment please call **212-382-4729** or stop by the office. We make every effort to return calls within two business days.

---

Cat Itaya, Esq.
*Project Director*
Tel: 212-382-4729

David Preciado
*Project Coordinator*
Tel: 212-382-4743

Federal Pro Se Legal Assistance Project
c/o U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org



CITY BAR JUSTICE CENTER